UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 21-09342-JFW(ASx)**                                   Date: February 9, 2022

Title:     Linda Davis -v- Bright Horizons Children's Center LLC, et al.

**PRESENT:**

       HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

    **Shannon Reilly**                                           **None Present**
    **Courtroom Deputy**                                       **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
          None                                                                  None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447 [filed 1/3/22; Docket No. 15]

On January 3, 2022, Plaintiff Linda Davis ("Plaintiff") filed a Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Motion"). On January 14, 2022, Defendants Bright Horizons Children's Center LLC and Bright Horizons Family Solutions LLC (collectively, "Defendants") filed their Opposition. On January 21, 2022, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's February 7, 2022 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     Factual and Procedural Background**

On December 16, 2020, Plaintiff filed a Complaint against Defendants in Los Angeles Superior Court, alleging causes of action for: (1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) violation of California Labor Code § 226.7 (unpaid rest period premiums); (4) violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (5) violation of California Labor Code §§ 201 and 202 (final wages not timely paid); (6) violation of California Labor Code § 204 (wages not timely paid during employment); (7) violation of California Labor Code § 226(a) (non-compliant wage statements); (8) violation of California Labor Code § 1174(d) (failure to keep requisite payroll records); (9) violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses); and (10) violation of California Business & Professions Code §§ 17200, *et seq*. Plaintiff was an hourly, non-exempt employee of Defendants from approximately May 2015 to May 2020. Declaration of Elisa Nadeau, Ex. A (Complaint ¶ 18), (Docket No. 1-1), 12:4-6.

On December 1, 2021, Defendants removed this action, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). In support of their Notice of Removal, Defendants conducted a preliminary investigation and "conservatively" estimated that the aggregate value of Plaintiff's causes of action for unpaid overtime, meal period premiums, rest break premiums, waiting time penalties and attorneys' fees amounted to $7,111,910.31. Notice of Removal, (Docket No. 1), 11:3-18:25.

## II.   Legal Standard

### A. CAFA Jurisdiction–Amount in Controversy

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements").  CAFA vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  A defendant seeking to remove a case under CAFA need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant's good faith allegation that the amount in controversy exceeds the $5 million CAFA jurisdiction threshold will suffice unless challenged; however, if challenged, Defendant bears the burden of proving the propriety of federal court jurisdiction by "a preponderance of the evidence." *Dart Cherokee*, 574 U.S. at 87-88. Under this burden, a defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). However, "the defendant's showing on the amount in controversy may rely on reasonable assumptions."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

### B. Timing of Removal

Notice of removal of a civil action shall be filed within 30 days of the receipt of the initial pleading or summons by the defendant. 28 U.S.C. § 1446(b). If the case is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Where a pleading is "indeterminate with respect to removability," a defendant "does not lose the right to remove because it did not conduct ... an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth v. CHA Hollywood Med. Ctr.*,

*L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Thus, the 30–day time limit for removal under § 1446 is not triggered until the defendant "independently knows or learns [the relevant jurisdictional] information." Id.

Pleadings are "indeterminate" where "the face of the complaint does not make clear whether the required jurisdictional elements are present." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). "[D]efendants need not make extrapolations or engage in guesswork; yet the statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability. " Id. at 1140 (citation and internal quotation marks omitted).

## III.   Discussion

In her Motion, Plaintiff argues that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds the $5,000,000 necessary for CAFA jurisdiction. Defendants contend that the evidence satisfies the amount in controversy requirement. In support of its Opposition, Defendants provided supplemental evidence,[1] to further substantiate the amount in controversy, which Defendants now "conservatively" estimate at more than $23 million. Opposition to Motion to Remand (Docket No. 19) 2:8. Plaintiff takes issue with Defendants' estimate, claiming that is flawed, inflated and based on unreasonable assumptions. The Court has considered the moving and opposing papers and disagrees. Defendants' estimates for each cause of action–and the evidentiary basis for them----are premised on reasonable, conservative assumptions.[2]

Plaintiff next argues that Defendants' removal was untimely under 28 U.S.C. §1446(b). In their Opposition, Defendants contend that their removal was timely because Plaintiff's Complaint was indeterminate as to damages and thus did not trigger any removal period. Defendants further contend that even though they had no duty to remove within thirty days after their own investigation revealed the case was removable, they did so in any event. The Court agrees that Plaintiff's Complaint does not, on its face, indicate the potential damages as a result of the alleged conduct. It does not allege the number of putative class members other than reference to a minimum number of "at least 50." Declaration of Elisa Nadeau, Ex. A (Complaint ¶ 1), (Docket No. 1-1) 4:20-24. Nor does the Complaint identify any amount of damage suffered by the class as

---

[1] Specifically, Defendants filed the Declaration of Melissa Sposato Madden.  Ms. Madden is Defendants' Vice President of Human Resources. (Docket No. 19-3) 2:3.  Attached as Exhibit A to her declaration is the putative class list listed by an assigned, randomly generated number, and his or her dates of hire and termination. (Docket No. 19-4).

[2] For instance, with respect to Plaintiff's failure to pay overtime claim, Defendants calculated the number of shifts worked by members of the putative class, reduced that number to shifts lasting more than 8 hours, and then calculated damages based on 15 minutes of potential lost overtime for only 25% of those qualified shifts. Opposition to Motion to Remand (Docket No. 19), 13:1-24. This conservative methodology appears more likely to underestimate rather than overestimate or inflate the potential damages for purposes of calculating the amount in controversy.

a whole.[3]  The Court finds that because Defendants could not determine the amount in controversy from the face of the Complaint, the thirty day removal window was not triggered and Defendants' removal was timely.

    For all of the foregoing reasons, and for the reasons stated in Defendants' Opposition, Plaintiff's Motion to Remand is **DENIED**.

    IT IS SO ORDERED.

---

[3] The Court notes that Plaintiff does allege the amount of her own personal damages as not more than $75,000. Declaration of Elisa Nadeau, Ex. A (Complaint ¶ 1), (Docket No. 1-1) 2:6-9.